IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ELLEN W. GERBER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) 1:14CV299 |
| | ) |
| ROY COOPER, et al. | ) |
| | ) |
| Defendants. | ) |

RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Defendants' Motions [Doc. #23, #30] to stay further proceedings in this case pending a ruling by the Court of Appeals for the Fourth Circuit in Bostic v. Schaefer, Case No. 14-1167. Also pending is a Motion for Preliminary Injunction [Doc. #3] by Plaintiffs, as well as Defendants' Motion to Dismiss [Doc. #37]. The Complaint in this case challenges North Carolina statutory and constitutional provisions that define marriage as exclusively being a legal union between one man and one woman, as well as the North Carolina statutes that prohibit "second-parent" adoption. Plaintiffs ultimately seek a declaration that North Carolina General Statutes § 51-1, § 51-1.2, § 48-1-100 et seq., and section 6 of Article XIV of the North Carolina Constitution (Amendment One) violate Plaintiffs' constitutional rights and are void and unenforceable. Plaintiffs specifically seek an order directing the state to recognize out-of-state marriages of same-sex couples and to accept adoption applications from same-sex couples. In the pending Motion for Preliminary Injunction, Plaintiffs seek a preliminary injunction "ordering all Defendants to cease enforcing section 6 of Article XIV of the North Carolina Constitution, N.C. Gen. Stat. § 51-1, and any

other source of state law that operates to deny recognition of the marriages of same-sex couples validly contracted in another jurisdiction."

Prior to the filing of the Complaint in the present case, a similar challenge was filed in Virginia. A motion for preliminary injunction was filed in that case in September 2013, and an Order was entered in February 2014, finding Virginia's marriage laws facially unconstitutional under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution to the extent that those laws deny the rights of marriage to same-sex couples or deny recognition of lawful marriages between same-sex couples that are validly entered into in other jurisdictions. That decision was immediately appealed to the Fourth Circuit in the case of Bostic v. Schaefer, and the Fourth Circuit is presently considering that case on an expedited basis, with oral argument already held on May 13, 2014.

With respect to the present Motions to Stay, Defendants contend that consideration of Plaintiffs' claims, including consideration of the recent request for a preliminary injunction and the pending motion to dismiss, should be stayed pending the Fourth Circuit's decision in Bostic. Having considered this request, the Court concludes that a stay is appropriate for two reasons. First, the decision of the Fourth Circuit in Bostic will provide the controlling legal principles for this Court to apply in evaluating the motion to dismiss and in determining whether Plaintiffs have demonstrated a likelihood of success on the merits in support of their request for preliminary injunctive relief. Any decision by this Court in this case prior to Bostic would need to be reconsidered in light of the decision ultimately issued in Bostic, which would result in

significant inefficiency and uncertainty with regard to the effect of any decision rendered in the interim.

Moreover, and most significantly, any decision by this Court to allow immediate injunctive relief would be stayed pending appellate review. See Herbert v. Kitchen, 134 S. Ct. 893 (2014) (staying district court's injunction in similar case in Utah, pending appeal to the Tenth Circuit); Bishop v. United States ex rel. Holder, 962 F. Supp. 2d 1252 (N.D. Okla. 2014) (staying injunction in similar case in accordance with Herbert v. Kitchen); DeLeon v. Perry, 975 F. Supp. 2d 632 (W.D. Tex. 2014) (same); Love v. Beshear, No. 3:13CV750 (W.D. Ky. Mar. 19, 2014) (granting a stay and noting that "the Supreme Court has sent a strong message by its unusual intervention and order" in Herbert v. Kitchen); see also Bostic v. Rainey, 970 F. Supp. 2d 456, 484 (E.D. Va. 2014) (granting preliminary injunction but staying the injunction pending appeal to the Fourth Circuit). Thus, even if this Court heard and considered the present case and attempted to apply the appropriate legal framework prior to guidance from the Fourth Circuit in Bostic, and even if the Court concluded and recommended that relief should be granted and an injunction should be issued, that relief would not immediately take effect in any event, and would be stayed pending appeal to the Fourth Circuit.

In the circumstances, the Court concludes that there is no basis to proceed to issuance of an opinion that would be immediately stayed and of no practical effect, and that would be subject to potential reconsideration under the Fourth Circuit's decision in Bostic in the next few weeks. The Court has discretionary authority to stay proceedings "incidental to the power

3

inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254 (1936). In exercising that discretion and balancing the competing interests in the present case, the Court finds that there are clear and convincing circumstances that outweigh any potential harm caused by a stay, in light of the expedited review of the important issues raised in this case already underway in the Fourth Circuit in Bostic, and in light of the Supreme Court's intervention and stay of relief in Herbert v. Kitchen pending resolution of these issues by the appellate courts, as discussed above. In reaching this conclusion, the Court notes that other district courts in this circuit have already begun following this approach in similar cases. See Harris v. Rainey, No. 5:13cv77, 2014 WL 1292803 (W.D. Va. Mar. 31, 2014) (staying all further proceedings pending resolution of Bostic in the Fourth Circuit); McCrory v. North Carolina, No. 14-cv-65, 2014 WL 2048068 (W.D.N.C. May 19, 2014) (same). Indeed, in McCrory, the United States District Court for the Western District of North Carolina stayed further proceedings in a case raising challenges to many of the same provisions at issue in the present case, based on the pendency of the appeal in Bostic. This Court finds these cases persuasive and recommends that the same approach be followed here.

IT IS THEREFORE RECOMMENDED that the Motions to Stay [Doc. #23, #30] be GRANTED, that all proceedings in this case, including consideration of Defendants' pending Motion to Dismiss and Plaintiffs' Motion for Preliminary Injunction, be stayed pending the Fourth Circuit's decision in Bostic v. Schaefer, Case No. 14-1167 (4th Cir. 2014), and that the

4

parties be directed to notify the Court in writing of their position on the course of future proceedings within 10 days following issuance of a decision by the Court of Appeals for the Fourth Circuit in <u>Bostic</u>.

This, the 2nd day of June, 2014.

/s/ Joi Elizabeth Peake  
United States Magistrate Judge